FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>NEYDIN GASPAR, on behalf of the estate of Lenin Estrada Salgado, and THE LAST REPORT OPERATIONS, LLC.<br><br>    Defendants. | No. 1:23-CV-03131-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DUTY TO DEFEND AND INDEMNIFY** |

Before the Court is Plaintiff's Motion for Summary Judgment on Duty to Defend and Indemnify, ECF. No. 19. The motion was heard without oral argument. Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC") is represented by Justin Landreth. Defendant Last Resort Operations, LLC, ("Last Resort") is represented by Richard Dykstra and Alexander Ackel. Defendant Neydin Gaspar is the personal-representative of the Estate of Lenin Estrada Salgado ("the Estate"). Defendant Neydin Gaspar has not appeared in this matter.[1]

Plaintiff filed this action seeking declaratory judgment that it does not have a

---

[1] During the scheduling hearing on January 11, 2024, Plaintiff's attorney stated that Defendant Gaspar had been served.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~ 1**

duty to defend or indemnify Defendant Last Resort in an underlying personal-injury lawsuit filed in state court by Defendant Neydin Gaspar, in which Defendant Gaspar is alleging that Lenin Estrada Salgado suffered a preventable death during a jet ski accident. In the state court action, Defendant Gaspar alleges that Defendant Last Resort rented to Mr. Salgado a jet ski and an employee of Last Resort delivered the jet ski to the house where Mr. Salgado was staying and launched the jet ski. Mr. Salgado took the jet ski for a ride on Lake Cle Elum, wearing a life jacket. About an hour later, Mr. Salgado was found face down in the water and was unresponsive. The life jacket was upwind of Mr. Salgado on the beach and the jet ski was downwind of Mr. Salgado on the beach. The cause of death was drowning.

Plaintiff now moves for summary judgment arguing that Defendant Last Report is not entitled to coverage under its insurance policy because of the Policy's Aircraft, Auto or Watercraft Exclusion,[2] and the Policy's Rental of Sporting Equipment Exclusion.[3] Plaintiff argues that both exclusions apply to preclude coverage for the claims being brought in the underlying state court action. And because the claims are not covered under the policy, Plaintiff does not have a duty to defend Last Resort and does not have a duty to indemnify Last Resort or the Estate.

Defendant Last Resort subsequently filed a Statement of No Opposition to Plaintiff's Motion for Summary Judgment on Duty to Defend and Indemnify. ECF

---

[2] The Watercraft Exclusion states the insurance does not apply to: "'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any […] watercraft owned or operated by […] any insured."

[3] The Rental of Sporting Equipment Exclusion states that "this policy specifically excludes and does not extend to or provide coverage, indemnity or defense costs for bodily injury or property damage arising out of the use of sporting equipment rented out by the insured [or] the insured's employees."

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~ 2**

No. 22.

## Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex,* 477 U.S. at 325. If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. The court can consider cited materials and any other materials in the record. Fed. R. Civ. P. 56(c)(3).

If a party fails to properly support an assertion of fact, or fails to properly address another party's assertion of fact, as required under Federal Rule of Civil Procedure 56(c), the court may consider the fact undisputed for purposes of the motion, grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it, or issue any other appropriate order. Fed. R. Civ. P. 56(e). If there is a failure to respond, or the summary judgment motion is unopposed, Rule 56 "authorizes the court to consider a fact as undisputed." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). Considering some facts undisputed does not *per se* allow summary judgment. *Id.* Rather district courts must still assess whether the motion and its supporting materials entitle the movant to summary judgment. *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~ 3**

## Discussion

Here, the facts presented in Plaintiff's motion are not in dispute, given Defendant Last Resort's notice of no opposition and Defendant Gaspar's failure to appear. As such, summary judgment is appropriate because, as a matter of law, coverage is precluded under the Watercraft Exclusion and the Rental of Sporting Equipment Exclusion of the underlying insurance policy. Thus, Plaintiff does not have a duty to defend or indemnify Defendants.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment on Duty to Defend and Indemnify, ECF No. 19, is **GRANTED**.

2. Plaintiff does not have a duty to defend Defendant Last Resort.

3. Plaintiff does not have a duty to indemnify Defendant Last Report or the Estate with respect to any settlement or judgment in the underlying state court action.

4. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and **close** the file.

**DATED** this 22nd day of May 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT~ 4**